IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REGENCY HOSPITAL COMPANY OF
NORTHWEST ARKANSAS, LLC                                              PLAINTIFF

V.                          NO.  4:08CV04177 GTE

ARKANSAS BLUE CROSS AND BLUE
SHIELD, A MUTUAL INSURANCE COMPANY                                   DEFENDANT

ARKANSAS BLUE CROSS AND BLUE SHIELD'S
MOTION TO DISMISS AMENDED COMPLAINT, OR IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant Arkansas Blue Cross and Blue Shield, A Mutual Insurance Company, ("ABCBS") for its Motion to Dismiss Amended Complaint, or in the Alternative, Motion for Summary Judgment states:

1. On December 21, 2009, this Court entered an order dismissing Plaintiff's Complaint and its state law claims asserted therein, and granting Plaintiff leave to file an Amended Complaint stating a claim under ERISA – if Plaintiff could do so consistent with Fed.R.Civ.Proc. 11 -- by January 7, 2010.

2. On January 7, 2010, Plaintiff filed an Amended Complaint. Count One of the Amended Complaint seeks penalties under §1132(c) of ERISA for the alleged failure of ABCBS to provide plan documents upon request of Regency. Count Two of the Amended Complaint seeks "damages" for alleged violations of the summary plan description requirements of §1022 of ERISA and the regulations thereunder at 29 C.F.R.

§2520, et seq. Count Three of the Amended Complaint reasserts Plaintiff's "estoppel" claim which had been dismissed by the Court's December 21, 2009 order.

3. Plaintiff's Amended Complaint must be dismissed because it fails to state a cause of action under ERISA. Plaintiff fails to allege that ABCBS is a "plan administrator," which is an essential element of a claim for penalties under 29 U.S.C. §1132(c). Moreover, the policies and plan documents filed in support of ABCBS's September 11, 2009 motion to dismiss demonstrate conclusively that ABCBS was not a plan administrator and that Regency was fully aware of this fact when it filed the Amended Complaint. As a result, Plaintiff has not stated -- and does not have -- a claim for relief against ABCBS under 29 U.S.C. §1132(c).

4. Plaintiff's Amended Complaint also must be dismissed because ERISA does not permit an award of damages for failure to comply with 29 U.S.C. §1022 and 29 C.F.R. §2520, et seq. Even assuming, as Plaintiff alleges, that the ABCBS policies and other plan documents at issue in this case were not "easy to understand" and did not "give clear information concerning the benefits under the plan," ERISA does not permit an award of damages for such a claim. Consequently, the second count of Plaintiff's Amended Complaint must be dismissed.

5. The Court has previously dismissed Plaintiff's estoppel claims, granting leave to Regency instead to focus on presenting valid ERISA claims, if it could do so consistent with Fed.R.Civ.Proc. 11. Regency has failed to do so; consequently Count Three of the Plaintiff's Amended Complaint must be dismissed.

6. Regency has filed an Amended Complaint that is completely unfounded and unsupported by either the facts or law, forcing ABCBS to incur substantial additional attorneys fees and cost to defend against new claims that are clearly invalid under ERISA. As a result, and given the lengthy history of litigation brought by Regency as detailed in the brief accompanying this motion, ABCBS should be awarded its costs and attorneys fees with respect to the entire litigation pursuant to 29 U.S.C. §1132(g)(1). Moreover, because of Regency's failure to comply with the Court's December 21, 2009 order, an inquiry under Fed.R.Civ.Proc. 11(c)(3) may be appropriate under the circumstances.

WHEREFORE, Arkansas Blue Cross and Blue Shield, A Mutual Insurance Company, prays that Plaintiff's Amended Complaint be dismissed with prejudice, that ABCBS be awarded its costs and attorneys fees herein, and for all other relief to which ABCBS may be entitled.

        Respectfully submitted,

        ARKANSAS BLUE CROSS AND BLUE
        SHIELD, A Mutual Insurance Company

        Defendant

By its Attorneys:

Allan W. Horne
Mark H. Allison

DOVER DIXON HORNE PLLC
Suite 3700
425 West Capitol Avenue
Little Rock, AR 72201
(501) 375-9151
mallison@ddh-ar.com

By: *[signature]*
Mark H. Allison
Arkansas Bar No. 85001

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Tim Cullen
CULLEN & CO, PLLC,
P. O. Box 3255
Little Rock, Arkansas 72203

Ronald Hennings,
LAW OFFICE OF RONALD J. HENNINGS, P.C.
3755 East Main Street, Suite 175
St. Charles, IL 60174

and, further, that a copy of the foregoing has been served upon Tim Cullen, CULLEN & CO, PLLC, P. O. Box 3255, Little Rock, Arkansas 72203 and upon Ronald Hennings, LAW OFFICE OF RONALD J. HENNINGS, P.C., 3755 East Main Street, Suite 175, St. Charles, IL 60174, by placing a copy in the United States mail addressed to such attorney with sufficient prepaid postage, this 21st day of January, 2010.

*[signature]*
Mark H. Allison