**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**REGENCY HOSPITAL COMPANY OF**                          **PLAINTIFF**
**NORTHWEST ARKANSAS, LLC.**

**v.**                    **CASE NO. 4:08-CV-04177 GTE**

**ARKANSAS BLUE CROSS BLUE SHIELD**                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Defendant Arkansas Blue Cross Blue Shield ("ABCBS") has filed a motion to dismiss or, in the alternative, for summary judgment.[1] Plaintiff Regency Hospital Company of Northwest Arkansas, LLC ("Regency") responded with a cross-motion for summary judgment.[2] ABCBS responded to Regency's motion and also submitted a reply in further support of its motion.[3]

For the reasons explained below, the Court concludes that ABCBS is entitled to judgment as a matter of law. Regency's Amended Complaint must therefore be dismissed. The Court further directs Regency to show cause why it should not be sanctioned under Rule 11 for filing the Amended Complaint.

**I.**      **BACKGROUND**

The present motions relate to Regency's Amended Complaint, which was filed on January 21, 2010, after this Court granted partial relief to ABCBS on its motion to dismiss, or

---

[1] Docket entry # 30.

[2] Docket entry # 36.

[3] Docket entries # 41 and # 42.

alternatively, for summary judgment. *See* Order dated December 21, 2009, docket entry # 27 ("December 21st Order").

The Court in its December 21st Order concluded that Regency's claims asserted under state law were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). The Court then gave Regency the opportunity to file an Amended Complaint to assert a cause of action under ERISA.

On January 21, 2010, Regency filed the Amended Complaint now before the Court.[4] ABCBS again challenges the submission based on applicable legal principles.

The background facts basically are the same as those described in the Court's December 21st Order, but are repeated here for context.

Plaintiff Regency operates a long term acute care hospital ("LTAC") in Springdale, Arkansas. Defendant ABCBS is a mutual reserve company that provides individual health insurance. ABCBS, through an affiliate, also acts as a third party administrator for certain health plans and is the contact point for information about such plans.

Regency claims that it provided medical services to six different patients (Kay Hopkins, Kenneth Aman, Geri House, Ada Baker, Miles Langham, and Peter Steinke) all of whom were covered by ABCBS health plans. For some of the plans, ABCBS also acted as the plan's third-party administrator. Regency contends that before it provided services to the six patients in question, it obtained an assignment of benefits from each of patient. It further claims that such assignments were sufficient to grant to Regency the same rights as any "participant" or

---

[4] Docket entry # 29.

"beneficiary" under the respective health care plans, therefore providing the requisite standing to bring these claims pursuant to 29 U.S.C. § 1132(a)(1)(B) and § 132(a)(3)(A) & (B).[5]

Regency has filed three separate claims. For its first claim, Regency seeks penalties based on its contention that ABCBS violated 29 U.S.C. § 1132(c) by failing to timely provide copies of the plans for each of the six patients. For its second claim, Regency seeks damages for ABCBS's alleged violation of regulations requiring plan benefits to be described in clear and easily understandable language. *See* § 1102 of ERISA and associated regulations at 29 C.F.R. § 2520, *et seq*. For its third and final claim, Regency asserts its estoppel cause of action again, solely for the purpose of preserving the claim for appeal.[6]

## II. LEGAL STANDARD

Defendant ABCBS claims that it is entitled to dismissal based on Fed. R. Civ. P. 12(b)(6) or to summary judgment based on Fed. R. Civ. P. 56. Plaintiff Regency claims that it is entitled to summary judgment on both Counts I and II.

In addition to both requesting summary judgment, both parties have submitted materials outside the pleadings on which the Court has relied in resolving the motions. The Court therefore analyzes both motions using summary judgment principles. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made

---

[5] Amended Complaint at ¶¶ 6, 7. Although it denies in a footnote that Regency has standing by virtue of the assignments to bring this action, ABCBS does not seek relief based on standing. ABCBS's brief, DE # 31 at 5, n.4.

[6] It is not necessary to deal with this claim again. For the same reasons stated in its December 21st Order, Regency's estoppel claim asserted in Count III of the Amended Complaint is dismissed.

pertinent to such a motion by Rule 56."). Both parties by their filings are on notice that the Court might dispose of ABCBS's motion, as well as Regency's motion, on the merits under Fed. R. Civ. P. 56. Neither has requested additional time to submit additional materials. Accordingly, the Court resolves both motions by applying the summary judgment standard.

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the

- 4 -

existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III.   DISCUSSION

#### A.   Count 1: Penalties for Failure to Produce Plan Documents

Regency's first claim for relief, based on 29 U.S.C. § 1132(c), seeks to recover for ABCBS's alleged failure to timely provide copies of the Summary Plan Descriptions for Kay Hopkins, Kenneth Aman, Geri House, Gene Ada Baker, Miles Lanham, and Peter Steinke. Regency alleges that ABCBS, pursuant to statute, was obligated to respond to its requests for copies of the six plans in question within 30 days, but failed to do so.

Both parties seeks judgment as a matter of law on this claim.

Because liability under 29 U.S.C. § 1132 is limited to plan administrators, an essential element of this claim is that ABCBS was acting as the plan administrator when it failed to respond to Regency's request for documents.

While ABCBS concedes that it was the claims administrator, it denies that it was the plan administrator.

The term "plan administrator" is defined in the statute as follows:

**(16)(A)**  The term "administrator" means--

**(i)** the person specifically so designated by the terms of the instrument under which the plan is operated;

**(ii)** if an administrator is not so designated, the plan sponsor; or

**(iii)** in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

**(B)** The term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or

>more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1006(16).

That ERISA's reporting and disclosure requirements fall squarely on the plan administrator, and only on the plan administrator, is well established. *See, e.g., Towner v. Cigna Life Ins. Co. of New York*, 419 F. Supp. 2d 172 (D. Conn. 2006) (holding that liability under § 1132(c) is limited to plan administrators). The point, often-stated, was underscored in *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134 (D.C. Cir. 1989), a case with some similarity to the claims before this Court. The Davises sought damages flowing from nonpayment of certain medical expenses incurred as a result of Mrs. Davis's pregnancy. They also sought damages stemming from the claim that they had received inadequate and misleading information regarding the scope and term of their health plan. In *Davis*, the Court dismissed this claim against Liberty Mutual, finding that it was not the plan "administrator." *Id*., 871 at 398. In reaching its conclusion, the court observed that Liberty Mutual was not designated in the plan as "administrator" and did not fit within the statutory definition of "plan sponsor."

ABCBS contends, and Regency does not dispute, that none of the plans at issue designate it as the plan administrator. Instead, Regency argues that ABCBS should be considered the plan administrator because it was either identified as the plan administrator or held itself out as such. In support of this argument, Regency relies on letters provided by Victoria Charlesworth, an attorney for ABCBS, in response to inquiries from Bobby Franklin, a reimbursement specialist at Regency. Regency relies on the fact that Charlesworth acknowledges that ABCBS is "the plan fiduciary."

ABCBS correctly states the law when it notes that its status as a "plan fiduciary" for some functions does not make it a "plan administrator." It points out that its role as an ERISA fiduciary extended only to its claim administration function, which was not sufficient to transform it into a plan administrator for purposes of 29 U.S.C. § 1132(c). This is a correct statement of the law. See, e.g., *Bergquist v. Aetna U.S. Healthcare*, 289 F. Supp. 2d 400 (S.D.N.Y. 2003) (claims administrator designated by plan as ERISA claims fiduciary was not plan administrator for purposes of 29 U.S.C. § 1132(c)).

Regency also relies on the fact that in the Explanation of Benefits provided to the insureds, ABCBS stated that "you or your authorized representative have the right to examine documents relevant to your claims." This language was required under ERISA claims procedure regulations, but also did not transform ABCBS into a plan administrator. See *Midgett v. Washington Group Intern. Long Term Disability Plan*, 561 F.3d 887, 894-95 (8th Cir. 2009) ("following an initial denial of a claim for benefits, [29 C.F.R.] § 2560.503-1(h)(2)(iii) entitles a claimant to review the materials relevant to his or her claims").

Regency has failed in its Amended Complaint to allege that ABCBS is a plan administrator. It has further failed to allege any factual basis for concluding that ABCBS should be deemed a plan administrator. The Court concludes that ABCBS is entitled to judgment as a matter of law on Regency's claim for penalties under 29 U.S.C. § 1132(c).

### B.     Count 2

In Regency's own words, "Count II seeks damages for Blue Cross' failure to define benefits in a non-confusing manner in their plans." Regency argues that the required summary plan description failed to comply with the requirements of 29 C.F.R. § 2520.102-2, which states in part:

> (a) Method of presentation. The summary plan description shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan. In fulfilling these requirements, the plan administrator shall exercise considered judgment and discretion by taking into account such factors as the level of comprehension and education of typical participants in the plan and the complexity of the terms of the plan. Consideration of these factors will usually require the limitation or elimination of technical jargon and of long, complex sentences, the use of clarifying examples and illustrations, the use of clear cross references and a table of contents.

Regency in particular takes issue with ABCBS's alleged failure to inform its insureds of the amount of benefits that would be paid to an out-of-network provider versus an in-network provider. Without such information, Regency argues, the six plan participants who assigned their claims to ABCBS could not make an educated choice when determining whether to obtain medical services. Regency criticizes the summary plan description's definition of the term "allowable charge" as "the amount deemed by the Company, in its sole discretion, to be reasonable."

Because ABCBS failed to comply with the regulation's requirement, Regency argues, it should be penalized by the difference between the amount Regency charged for the medical treatment it provided and the amount ABCBS paid for the out-of-network treatment. This amount, according to Regency, is $51,829.46, the difference between the $60,519.26 Regency claims was the industry standard charge, and the $8,689.80 that ABCBS paid.

ABCBS denies that the summary plan descriptions and policies at issue violated applicable regulations.  It further denies that they are unclear regarding the fundamental premise that reimbursement for services obtained from out-of-network providers is less than reimbursement for services obtained from in-network providers.  ABCBS argues that it would be impossible and impractical to try to provide plan participants with detailed information on the difference in charges for all procedures by all possible providers, particularly since out-of-network providers are not limited in what they may charge.

Independently of these practical and persuasive arguments, ABCBS points out that Regency's ERISA claims are constrained by the relief available under 29 U.S.C. § 1132(a)(1)(B), which Regency invokes as its sole statutory basis for relief.  The statute provides that only three forms of relief are available.  Under the provision, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  As the statute makes clear, the terms of the ERISA plan are paramount.

Regency makes no claim that ABCBS failed to pay benefits according to the terms of the plans at issue in this case.  Instead, it claims that it can recover damages in addition to the relief provided by the terms of the plan.  Regency fails to provide any legal authority for its position.  Its argument is, in effect, an effort to force ABCBS to pay for additional benefits not otherwise due under the policy.  This is contrary to ERISA's statutory language which limits such claims to benefits due under the "terms of the plan." Additionally, it is contrary to well established legal principles holding that extra-contractual compensatory damages or punitive damages are not available under the civil enforcement provisions of ERISA.  See, e.g., *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) ("Congress did not provide, and did not intend the

judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims.").

Finally, the Court knows of no legal authority that would permit Regency to recover damages or extra benefits from ABCBS because its plan documents were confusing and/or failed to comply with 29 C.F.R. § 2520.201-2. There is, however, significant contrary legal authority. See, *e.g. Lewandowski v. Occidental Chemical Corporation*, 986 F.2d 1006, 1010 (6th Cir. 1993) ("ERISA does not remedy procedural violations with a damage award"); *Bolone v. TRW Sterling Plant Pension Plan*, 130 Fed. Appdx. 761, 2005 WL 1027569 (6th Cir. 2005) (no substantive remedy available for alleged procedural violations of ERISA regulations governing "the format, style, and content of Summary Plan descriptions."); *Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801 (N.D. Ill. 2009).

Count II must be dismissed as the relief requested is not permitted under the controlling statute.

**IV.     RULE 11 SANCTIONS**

ABCBS argues that the claims asserted by Regency in its Amended Complaint do not meet the Rule 11 threshold and requests the Court to award attorney's fees and costs incurred in the successful defense of the Amended Complaint. The Court is unable to take up the issue on ABCBS's request, however, as there is no indication that ABCBS has complied with Fed. R. Civ. 11(c)(2)'s "safe harbor" provision allowing attorneys to withdraw or correct any challenged pleading. Nor has it satisfied the rule's requirement that a motion for sanctions be made "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Nevertheless, the Court on

its <u>own</u> initiative "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Before imposing sanctions, the Court must provide the party who may be sanctioned with notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1).

Under Rule 11, when an attorney signs and files a pleading with the Court, he is certifying that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). He is further certifying that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

In considering whether Regency's counsel's filing of the Amended Complaint violated Rule 11, the Court must assess "whether the pleading was frivolous, groundless, or advanced for an improper purpose" using "objective reasonableness standard." *Isakson v. First Nat'l Bank, Sioux Falls*, 985 F.2d 984, 986 (8th Cir. 1993) (citation omitted).

The Court specifically reminded Regency's counsel of his Rule 11 obligations previously when, in its December 21st Order,[7] it granted Regency leave to file an Amended Complaint, "assuming that its attorneys can do so consistent with the requirements of Fed. R. Civ. P. 11(b)."

The Court directs Regency and its counsel to show cause how it could have reasonably believed that the claims asserted in Counts 1 and 2 were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

---

[7] Docket entry # 27, at p. 18.

With regard to Count 1, in light of the well established law that the ERISA disclosure obligations contained in § 1132(b) apply only to plan administrators, the definition of which is contained in the statute, and the fact that ABCBS was not named as the plan administrator in any of the six plans at issue and was not the employer or sponsor of any of the plans, the question arises: On what proper basis did Plaintiff's counsel file that claim?  With regard to Count 2, in light of well established legal principles prohibiting the recovery of extra-contractual compensatory relief not called from under the terms of the ERISA plan, on what proper basis did Plaintiff's counsel file that claim?

## V.     CONCLUSION

IT IS THEREFORE ORDERED THAT Defendant Arkansas Blue Cross Blue Shield's Motion to Dismiss, or alternatively, Motion for Summary Judgment (docket entry # 30) be, and it is hereby, GRANTED.  Defendant is entitled to judgment as a matter of law on all claims asserted.  Judgment will be entered separately.

IT IS FURTHER ORDERED THAT Plaintiff Regency Hospital Company's Motion for Summary Judgment (docket entry # 36) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiff Regency Hospital Company's counsel should show cause why sanctions should not be imposed for filing the Amended Complaint by filing a brief with the Court by August 20, 2010.

IT IS SO ORDERED THIS  5th   day of August, 2010.

     /s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE