IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**REGENCY HOSPITAL OF NORTHWEST**
**ARKANSAS LLC**                                    PLAINTIFF

VS.                CASE NO. 4:08CV04177 GTE

**ARKANSAS BLUE CROSS BLUE SHIELD**                 DEFENDANT

### AFFIDAVIT OF TIM CULLEN

Comes now the undersigned Affiant, Tim Cullen, and states:

1. I am Tim Cullen. I am of legal age, and my statements in this affidavit are based on my own personal belief and facts known to me.

2. I am an attorney duly licensed to practice in Arkansas state courts (Ark. Bar No. 97062), Arkansas Federal Courts, the United States Court of Appeals for the Eighth Circuit, and the Supreme Court of the United States. I obtained my license in 1997. I clerked for Judge Terry Crabtree at the Arkansas Court of Appeals for one year, and have been in private practice since that time. I have never been suspended, sanctioned, or disciplined by any court or committee.

3. I am the principal in a small law firm (Cullen & Co., PLLC). I presently have two associate attorneys practicing with me, one part-time "of counsel" attorney, and two support staff. My office is in downtown Little Rock.

4. My practice is general in nature, primarily civil. I handle a volume collection practice representing collection agencies on unpaid bills. These are primarily medical clinic and hospital accounts. Additionally, I have a substantial appellate practice. I have been lead counsel on appeal on approximately one hundred appeals in

1

Arkansas state courts and the Eighth Circuit. Finally, the third major component to my practice is plaintiff's personal injury litigation, including malpractice.

5. I am involved in professional organizations. I am past chair of the Young Lawyers Section of the Arkansas Bar Association, and presently a member of the House of Delegates. I am a member of the Board of Governors for the Arkansas Trial Lawyers Association. I was recently appointed to the Arkansas Supreme Court's Committee on Civil Jury Instructions. I am a member of the Eighth Circuit Federal Practice Committee. I have been a member of Inns of Court for several years, and served as a group chair last year.

6. I was contacted in late 2008 by Ron Hennings about serving as local counsel in this case against Blue Cross for underpayment of certain patient bills. Mr. Hennings advised he represented Regency nationally, and had handled these types of cases with success previously. I agreed to serve as local counsel for Regency, in conjunction with Mr. Hennings.

7. Mr. Hennings obtained admission to practice in Arkansas federal courts on October 16, 2009. His name does not appear as counsel of record on PACER, but he is in fact involved in this case, and is in fact lead counsel, although that is not reflected on PACER.

8. I do not consider myself an expert in ERISA. I am generally familiar with medical billing practices through my experience as a collection lawyer. Most of my practice is in Arkansas state courts; however, I have handled several cases successfully in federal trial courts.

9.  I relied on Mr. Hennings' expertise and experience in ERISA claims, and his prior experience representing Regency in similar cases.

10. Mr. Hennings prepared substantially all of the pleadings in this case. I was actively involved in reviewing the pleadings, making edits, and filing them electronically. I was actively involved in discovery in this case. I traveled to Fayetteville and attended the deposition of Regency's local CEO.

11. I am acutely aware of my duties under Rule 11 and the Rules of Professional Conduct relating to filing pleadings that are non-frivolous. I am further cognizant of my responsibility as filer, signatory, and lead counsel for notice purposes on this case.

12. I reasonably believed the claims in Counts 1 and 2 of the amended complaint were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). My basis includes the legal arguments articulated in Regency's response filed in conjunction with this affidavit.

13. Specifically, as to Count I, I relied on the Affidavit of Bobby Franklin (Doc. #38). Mr. Franklin articulated facts to support the conclusion that Blue Cross was acting as a *de facto* plan administrator. Those facts include five employers directing Regency to Blue Cross for plan documents, Blue Cross claiming they would forward requested plan documents to Regency patients, but refusing to supply those documents to Regency, and Blue Cross's involvement in the appeal and final disposition of the claims. Most importantly, Franklin's affidavit references an admission by Blue Cross attorney Charlesworth that Blue Cross was a plan fiduciary. Based on my understanding of the

word "fiduciary[1]," it is my good faith professional belief that the refusal of Blue Cross to supply plan documents to Regency violated its fiduciary duty and raises a good faith argument that Blue Cross is subject to penalties as a de facto plan administrator.

14.  As to Count II, my good faith basis for filing that claim was based on my own reading of the Blue Cross contract for non-network providers. To put it simply, the Blue Cross contract provided that Blue Cross would pay whatever its medical director deemed appropriate for out-of-network charges. It is my opinion that this provision is vague and illusory to the point of being meaningless. No beneficiary could have any idea under this contract what rates would be paid for out-of-network charges. It was my good faith belief that such a vague and illusory contract term clearly violated ERISA's requirement that "the summary plan description shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan." 29 C.F.R. sec. 2520.102-2. Under the Blue Cross plan language, participants are not apprised of any formula or reliable way to calculate any benefits due for out-of-network services.

15.  I acknowledge in hindsight that Regency pled the wrong relief for Count II. ERISA constrains the only available relief in this circumstance as "appropriate equitable relief." It is my good faith belief that the claim (that the plan language was

---

[1]  A fiduciary is the highest standard of duty implied by law. A fiduciary has the duty to act for someone else's benefit, while subordinating their personal interests to that of the other person. Blacks Law Dictionary (6th Ed.).

A fiduciary has the duty to discharge his duties with respect to a plan *solely* in the interest of the participants and beneficiaries. ERISA 29 U.S.C. 1104(a)(1). This duty encompasses three components – a duty of loyalty (all decisions must be made with an eye single to the interests of the participants and beneficiaries), a "prudent person" fiduciary obligation (requiring the care, skill, prudence, and diligence under the circumstances), and the duty that a fiduciary act for the exclusive purpose of providing benefits to plan beneficiaries. *See Krohn v. Huron Memorial Hospital*, 173 F.3d 542, 547 (6th Cir. 1999).

4

confusing, vague, and illusory) was proper and meritorious, and it was simply an error to request money damages, rather than equitable relief. Had Regency the opportunity to amend, it would have likely maintained the same claim, but prayed for an equitable determination striking the vague and illusory Blue Cross contract language, and asking for its claims to be resubmitted. I apologize to the Court for this mistake in the way Regency claimed relief. It was simply a good-faith mistake, and not done intentionally for any improper purpose.

16. For these reasons, and the legal arguments in Regency's response to the Court's show cause order, and the reasons articulated in Mr. Hennings' affidavit, I maintain that I did in fact have a reasonable belief that Counts 1 and 2 of the Amended Complaint were warranted by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

Tim Cullen, #97062
Attorney for Plaintiff
Cullen & Co., PLLC
P.O. Box 3255
Little Rock, AR 72203
(501) 370-4800 telephone
(501) 370-9198 fax

**VERIFICATION**

Subscribed and sworn to before me, a Notary Public, on this the 20th day of August, 2010.

NOTARY PUBLIC

My Commission Expires:

6-1-2015

TONIA MARIE WREN
NOTARY PUBLIC
STATE OF ARKANSAS
MY COMM. EXP. 6-1-15

5

## CERTIFICATE OF SERVICE

I, Tim Cullen, hereby certify that on the 20th day of August, 2010, the foregoing was served on opposing counsel via the Court's electronic noticing system:

Mark H. Allison
DOVER DIXON HORNE PLLC
Suit 3700
425 West Capitol Avenue
Little Rock, AR 72201

_____
Tim Cullen