IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

REGENCY HOSPITAL OF NORTHWEST
ARKANSAS LLC                                                                    PLAINTIFF


VS.                              CASE NO. 4:08CV04177 GTE


ARKANSAS BLUE CROSS BLUE SHIELD                         DEFENDANT

**OBJECTION TO BLUE CROSS' MOTION FOR LEAVE TO FILE STATEMENT ON RULE 11 SANCTIONS**

Comes now Regency and for its objection to the Motion for Leave to File Statement on Rule 11 Sanctions filed by Blue Cross (Doc. 46 and 46-1), and states:

1. The Court's August 5, 2010, Memorandum Opinion and Order (Doc. 44) directed counsel for Regency to show cause why sanctions should not be imposed for fling the amended complaint.

2. Counsel for Regency filed a timely response and supporting affidavits to the Court's show cause order. Doc. 45.

3. Blue Cross has sought leave to weigh in on the show cause issue.

4. Plaintiff objects to any filing by Blue Cross on the show cause issue for these reasons:

    A. The Order directed Regency to respond. The show cause issue was raised sua sponte by the Court. As Blue Cross concedes (Paragraph 2, Doc. 46), there is no provision in the Federal Rules of Civil Procedure for a response by an opposing party when Rule 11 is raised sua sponte by the Court.

1

    B. Blue Cross has waived their right to participate in any Rule 11 proceedings because of the Court's finding: "The Court is unable to take up the issue on ABCBS's request, however, as there is no indication that ABCBS has complied with Fed. R. Civ. 11(c)(2)'s "safe harbor" provision …. Nor has it satisfied the rule's requirement that a motion for sanctions be made "separately from any other motion." (Doc. 44 at page 10).

    C. Blue Cross' proposed filing (Doc. 46-1) goes far afield of the Court's show cause order and the specific issues raised by the Court. Blue Cross seeks to expand the Rule 11 inquiry. When Blue Cross failed to follow Rule 11 procedures, it should not be allowed to "pile on" with new issues.

    D. Blue Cross' proposed filing is improper because it relies on purported facts and details that are far outside the record in this case. Blue Cross seeks to penalize Regency for past cases that were unrelated to the accounts at issue in this case. Those simply have nothing to do with this case, or with the two show cause issues raised by the Court.

  5. By its own omissions, Blue Cross has waived its right to participate in the Rule 11 issue raised sua sponte by the Court. Allowing Blue Cross to "pile on" and expand the issues and rely on facts outside the record in this case is manifestly unfair.

  WHEREFORE, Plaintiff objects to the Motion for Leave to File a Statement on Rule 11 Sanctions (Doc. 46), and prays that Motion be denied. In the alternative, if that Motion is granted, Plaintiff prays for leave to file a detailed response to the 56 page "Statement" within a reasonable time.

            Respectfully submitted:

                Regency Hospital Company of
Northwest Arkansas, LLC

By:   /s/ Tim Cullen
       Tim Cullen, #97062
       Cullen & Co., PLLC
       P.O. Box 3255
       Little Rock, AR 72203
       (501) 370-4800 telephone
       (501) 370-9198 fax

AND   /s/ Ronald J. Hennings
        Law Office of Ronald J. Hennings,
        3755 East Main Street, Suite 175
        St. Charles, IL 60174
        (630) 513-1600

**CERTIFICATE OF SERVICE**

I, Tim Cullen, hereby certify that on the 26th day of August, 2010, the foregoing was served on opposing counsel via the Court's electronic noticing system:

Mark H. Allison
DOVER DIXON HORNE PLLC
Suit 3700
425 West Capitol Avenue
Little Rock, AR 72201

                /s/ Tim Cullen
                Tim Cullen