**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**REGENCY HOSPITAL COMPANY OF**                            **PLAINTIFF**
**NORTHWEST ARKANSAS, LLC.**

v.                      **CASE NO. 4:08-CV-04177 GTE**

**ARKANSAS BLUE CROSS BLUE SHIELD**                     **DEFENDANT**

## ORDER

The Court in an Order filed August 5, 2010,[1] dismissed the Amended Complaint filed by Plaintiff Regency Hospital Company of Northwest Arkansas, LLC ("Regency") and directed Regency's counsel to show cause why the Court Rule 11 sanctions should not be imposed for counsel's decision to file the Amended Complaint. Regency responded as directed.[2]

On August 24, 2010, Defendant Arkansas Blue Cross Blue Shield ("ABCBS") filed a motion[3] for leave to file a statement providing the Court with additional information relevant to the issue. Attached to ABCBS's motion is a 56 page Statement. Regency objects to ABCBS's submission. Regency contends that because this is a court-initiated Rule 11 inquiry, ABCBS should not be permitted to raise additional issues.[4] Alternatively, if the Court grants ABCBS's motion and considers the proposed 56 page "Statement," Regency requests leave to respond.

---

[1] Docket no. 44.

[2] Docket no. 45.

[3] Docket no. 46.

[4] Docket no. 47.

Because the Court concludes that Regency should be permitted to be heard on this issue, it grants its motion. The Court has considered the proposed statement, to the extent appropriate, in reaching its decision. However, it is unnecessary to permit Regency to respond to the additional statement submitted by ABCBS because the Court, for the reasons stated below, elects to abandon the Rule 11 inquiry.

First, the Court is mindful that this is a court-initiated inquiry, and thus, Regency's counsel did not receive the benefit of Rule 11's safe harbor provision under which Regency would have been given notice of an alleged violation and 21 days to withdraw or correct the challenged pleading without adverse consequences. It is not fair for ABCBS, after failing to comply with Rule 11's safe harbor procedural requirements, to attempt to enlarge the scope of the issues raised by the Court.[5]

Additionally, although this Court has authority to impose Rule 11 sanctions on its own initiative, a higher standard is imposed than when a party initiates the issue. See, e.g., *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 623 (8th Cir. 2003) (Rule 11 standard "applied with particular strictness where . . . sanctions are imposed on the court's own motion); *Kaplan v. Daimler-Chrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (calling for application of a higher "akin to contempt" standard for court-initiated Rule 11 proceedings). Finally, because this is a court-initiated proceeding, the Court would not be permitted to direct monetary sanctions to ABCBS to offset its expenditure of attorney's fees. *MHC Inv. Co.*, 323 F.3d at 627 (citing Fed. R. Civ. P. 11 advisory note).

---

[5] For example, Regency argues that this case is "simply the latest in a series of lawsuits" brought by Regency as "part of a concerted strategy" "to obtain higher reimbursement rates." The Court notes that based on the identifying information Regency has provided about the earlier filed lawsuits, it does not appear that Mr. Cullen, who actually signed most of the pleadings in this case, represented Regency in those earlier filed lawsuits.

Mr. Cullen has signed virtually all the pleadings in this case. Mr. Cullen was retained as local counsel and is not an expert in ERISA law. Mr. Cullen relied on the legal expertise of Mr. Hennings, who represents Regency nationally and who has significant experience in this area of the law. The Court recognizes that ERISA law is complex and can be confusing. The Court is not inclined to pursue the matter as to Mr. Cullen, who seems to the Court to be dissimilarly situated to Mr. Hennings.

Finally, although it is probably not an issue that would prohibit the issuance of sanctions, were they found to be appropriate, Mr. Hennings was not enrolled to practice in this Court for approximately 8 months of the proceedings in this case. Mr. Hennings was terminated as an attorney of record on January 13, 2009, after he failed to comply with this Court's Local Rules for enrollment or pro hac vice appearances.[6] He enrolled properly on October 16, 2009. However, he did not formally enter an appearance and was not added to the docket as an attorney of record.[7]

Under the totality of the circumstances, and following careful review of the parties' submissions, the Court declines to undertake the additional inquiry required to determine whether Rule 11 was violated.

IT IS THEREFORE ORDERED THAT Arkansas Blue Cross Blue Shield's Motion for Leave to File Statement (doc. no. 46) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT the Court's Show Cause Order, entered *sua sponte*, (doc. no. 44) is hereby withdrawn.

---

[6] This removal would have followed notice to Mr. Hennings and a 30-day period to cure the deficiency.

[7] He arguably should have been added as an attorney of record as of January 7, 2010, because his name appears on the Amended Complaint even though he did not sign the pleading.

- 4 -

   IT IS SO ORDERED THIS  6th  day of October, 2010.


                                          _/s/Garnett Thomas Eisele_____
                                           UNITED STATES DISTRICT JUDGE