**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**REGENCY HOSPITAL COMPANY OF**                      **PLAINTIFF**
**NORTHWEST ARKANSAS, LLC.**

v.                  **CASE NO. 4:08-CV-04177 GTE**

**ARKANSAS BLUE CROSS AND BLUE SHIELD**           **DEFENDANT**

**ORDER AWARDING COSTS AND ATTORNEY'S FEES**

The Court must decide whether to exercise its discretion to award attorneys' fees to Defendant Arkansas Blue Cross Blue Shield ("ABCBS"), which prevailed in this case by filing two motions to dismiss for failure to state a claim, or alternatively, for summary judgment, both of which were granted. Plaintiff Regency Hospital Company of Northwest Arkansas, LLC ("Regency") urges the Court to deny the request.

The Court, after considering all relevant factors, exercises its discretion to award ABCBS a partial award of attorney's fees. Costs will also be awarded.

**I.    Background**

On December 21, 2009, the Court entered an Order ruling on ABCBS's motion to dismiss or, alternatively, for summary judgment as to Regency's original Complaint. The Court dismissed two of Regency's claims with prejudice and dismissed the remaining claims under Fed. R. Civ. P. 12(b)(6). The Court permitted Regency to filed an Amended Complaint as to the claims not dismissed with prejudice.[1]

---

[1] *See* Order dated December 21, 2009, docket entry # 27.

- 1 -

On January 7, 2010, Regency filed an Amended Complaint. ABCBS filed a second motion to dismiss, or, alternatively, for summary judgment. On August 5, 2010, the Court entered an Order finding that ABCBS was entitled to judgment as a matter of law. The Court dismissed all claims asserted by Regency in its Amended Complaint.[2] The Order specifically noted that "Judgment will be entered separately." However, no Judgment was entered.[3]

In the same Order, the Court *sua sponte* directed Regency to show cause why Rule 11 sanctions should not be imposed for counsel's decision to file the Amended Complaint. Regency responded as directed.[4] The Court subsequently withdrew its Show Cause Order.[5]

ABCBS then filed the motion for fees and costs now before the Court.

## II.  Legal Standard

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), permits "the court in its discretion" to "allow a reasonable attorney's fee and costs of action to either party" in any action brought pursuant to subchapter I of ERISA. There is no longer a presumption that attorney fees should be awarded to a prevailing plaintiff. *Martin v. Ark. Blue Cross & Blue Shield,* 299 F.3d 966, 972 (8th Cir. 2002). Instead, in determining whether a fee award is warranted, district courts should consider the following five factors: (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan

---

[2] *See* Order filed August 5, 2010, docket no. 44.

[3] This was simply an oversight. Consistent with the requirements of Fed. R. Civ. P. 58, judgment should have been entered at that time.

[4] Docket no. 45.

[5] *See* Order filed October 6, 2010, docket no. 48.

- 2 -

or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Id.* at 969 n. 4, 972. These factors are "general guidelines" and "are by no means exclusive or to be mechanically applied." *Martin,* 299 F.3d. at 972.

## III.   Discussion

### A.   Costs

Regency does not oppose either the request for costs or the amount requested. The Court finds the itemization of costs to be appropriate and reasonable. Costs will therefore be awarded in the amount requested, $8,338.40.

### B.   Whether to Award Fees

The Court starts by considering each of the five factors the Eighth Circuit considers relevant to the issue of whether to award attorney's fees to a prevailing party in an ERISA action. In doing so, the Court is mindful that the factors, while important, are not the only relevant factors that may be considered.

#### (1)   Culpability or Bad Faith

Viewing the record in its totality, the Court concludes that Regency's actions in pursuing this litigation were culpable, regardless of whether it acted in bad-faith.

ABCBS describes Regency's motivation in bringing this action as follows:

> Unable to convince ABCBS to pay Regency more than other LTACs in the state were being paid, Regency adopted a tactic of calling ABCBS's customer service representatives to verify benefits for prospective patients and using those phone calls as a pretext to claim that ABCBS had promised to pay Regency based on some percentage of Regency's billed charges, instead of according to the terms of the various insurance policies and health plans involved. Regency took this position as to the claims involved in this lawsuit even though it knew from its prior dealings with ABCBS, including correspondence from ABCBS on other claims, that ABCBS did not reimburse providers based on the provider's billed charges.[6]

---

[6] ABCBS's brief, doc. no. 50, at p. 4.

- 3 -

ABCBS points out that in January 2006 Regency filed eight separate lawsuits against ABCBS alleging promissory estoppel based on Regency's benefit verification phone calls in Arkansas state court, all of which were ultimately dismissed for failure to prosecute. ABCBS also notes that in 2006, Regency filed approximately thirty complaints alleging misleading conduct against ABCS with the Arkansas Insurance Department. No action was taken on any of the complaints.

ABCBS claims that Regency switched tactics in the Spring of 2007 and entered into provider agreements with ABCBS and its affiliated companies, at which time it agreed to accept the rates for services it had previously rejected. After operating for 18 months as an in-network provider, Regency filed this lawsuit claiming that it had been misled about how its claims would be paid.

Regency denies any culpability or bad-faith. It specifically denies that the lawsuit was filed to increase its bargaining position in negotiating provider rates, pointing out that this lawsuit only concerned patients Regency treated before entering into a contractual relationship with ABCBS. Regardless of its actual motivation in filing the lawsuit, there is good reason to question it.

Certainly, it is difficult to understand why Regency continued, in its Amended Complaint, under the guise of ERISA, to seek damages clearly not permitted under ERISA.[7] That Regency filed such an Amended Complaint and then attempted to support its filing after ABCBS filed a motion seeking its dismissal lends credit to ABCBS's contention that Regency was motivated by something other than pursuing its legal rights in good-faith.

Of course, it is not necessary to find that Regency acted with a "sinister motive" in order to find it culpable. See *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253,

---

[7] *See* Court's Order filed August 5, 2010, doc. no. 44, at p. 10. ("Finally, the court knows of no legal authority that would permit Regency to recover damages or extra benefits from ABCBS because its plan documents were confusing and/or failed to comply with 29 C.F.R. § 2520.201-2.").

256-257 (3d Cir.1994) (defining culpable conduct).  The Court finds that Regency's conduct was culpable and justifies a fee award.

### (2)   Ability to Pay Fee Award

There is no question that this factor weighs in ABCBS's favor.  Regency was acquired by Select Medical Corporation ("SMC"), a publicly traded company, on October 1, 2010.  Regency acknowledges that SMC has sufficient assets to satisfy any fee award.

Regency points out that SMC was not a party to the suit and did not acquire Regency until the merits of the case had already been determined.  However, in the course of performing its due diligence before finalizing the acquisition, SMC should have discovered this lawsuit and the Court's Order filed August 5, 2010, directing Regency's counsel to show cause why sanctions should not be imposed. While such constructive notice to SMC that a fee award was possible is not necessary to justify a fee award, it undercuts Regency's suggestion that an award of fees is not fair to SMC.

Regency also contends that because of ABCBS's delay in filing its request for fees,  its successor will be unfairly prejudiced if fees are awarded.  The Court considers the timeliness of ABCBS's motion to be a separate issue and addresses it below.

### (3)   Deterrent Effect of Award under Similar Circumstances

The factor also weighs in ABCBS's favor for the reasons well stated in its brief. Regency's argument that a fee award will not act as a deterrent because Regency no longer exists misses the point.  The point is not only to deter Regency or its successor SMC from acting similarly in the future, but also to deter other providers from engaging in similar conduct under similar circumstances.

### (4) Whether ABCBS sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself

This Court views this factor as weighing slightly in ABCBS's favor. By opposing Regency's demands in this lawsuit, ABCBS preserved assets that will benefit its policyholders and help hold down premiums.

### (5) Relative Merits of the Parties' Positions

The factor weights heavily in favor of ABCBS. In granting ABCBS's motions to dismiss, or for summary judgment, as to both Regency's Complaint and Amended Complaint, the Court soundly rejected all of Regency's arguments.

### (6) Timeliness of ABCBS's Request

Regency argues that it has been prejudiced by ABCBS's delay in filing the motion and that the motion should be denied for that reason. Under the Local Rules of this district,[8] ABCBS should have filed its motion requesting attorney's fees "within fourteen (14) days after the entry of judgment or an order of dismissal under circumstances permitting the allowance of attorney's fees." Local Rule 54.1(a); see also Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring filing of motion "no later than 14 days after the entry of judgment"). Local Rule 54.1(a) further states that a party's "failure to timely petition for an award of attorney's fees may be considered by the Court to be a waiver of any claim for attorney's fees." *Id.* ABCBS filed its request for fees 34 days after the Court withdrew the Show Cause Order and 96 days after the Court entered its Order granting summary judgment as to all claims asserted by Regency in its Amended Complaint.

---

[8] *See* Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

Regency argues the motion should have been filed by August 19, 2010, fourteen days after the Court granted summary judgment as to all claims asserted by Regency. In light of the fact that the Court at that time indicated that it was taking up the issue of Rule 11 sanctions and that judgment had not yet been entered, ABCBS arguably was justified in waiting until the Court resolved the sanctions issue to seek attorney's fees.[9] Even so, ABCBS failed to file its motion within fourteen days of the Court's resolution of the sanctions issue.

The Court agrees with Regency that the motion should have been timely filed, but disagrees that Regency suffered "substantial prejudice" by the delay. The Court concludes that the appropriate response is not to deny fees altogether, but instead to reduce the amount of the fee award.

### (7) Exercise of Discretion to Award Fees

ABCBS's fee request is supported by the declaration of Mark Allison and detailed time records. The Court finds the hour billing rates ($235 for Mr. Horne; $ 200 or $210 for Mr. Horne; and $165 for Ms. Bagnall) to be fair and reasonable.

The Court after carefully considering all relevant factors, including the timeliness issue, concludes that ABCBS should be awarded approximately one-half of its requested attorney's fees. The reduction is intended to compensate for ABCBS's late filing as well any instances of time billed which are unrelated to this lawsuit.[10] Attorney's fees are awarded in the sum of $45,000 (just under one-half of the requested amount of $90,329.59).

---

[9] The better practice would have been to seek an extension of time to file a request for attorney's fees after the Court dismissed Regency's Amended Complaint.

[10] Regency identifies only one such instance – 2.3 hours spent by Attorney Allison regarding the termination of a contract with Regency. *See* doc. no. 49-1, pg. 27. Regency suggests that there are other such entries, but has not pointed them out.

**IV.	CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Arkansas Blue Cross Blue Shield's Motion for Attorney's Fees and Costs (doc. no. 49) be, and it is hereby, GRANTED. Costs are awarded in the sum of $8,338.40. Attorney's fees are awarded in the sum of $45,000. Judgment is being entered simultaneously with this Order.

IT IS SO ORDERED THIS  8th  day of February, 2011.

                                                                      _/s/Garnett Thomas Eisele_____
                                                                       UNITED STATES DISTRICT JUDGE